EDWIN C. JONES ET UX., PLAINTIFFS, v. PEOPLES RAPID
TRANSIT COMPANY, INCORPORATED, DEFENDANT.

Decided February 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *DeVoe Tomlinson.*

*Contra, Benjamin Gordon.*

PER CURIAM.

This suit was brought by Edwin C. Jones and his wife,
Emma, to recover compensation for injuries received by them
while they were riding as passengers in an auto-bus owned
and operated by the defendant company. As the bus was
crossing the intersection of Edgar road and Kenneth avenue,
in the city of Elizabeth, an automobile, which was being
driven by one Martin, collided with it, and as a result of
the collision the bus skidded to one side and crashed into a
telegraph pole. Both of the plaintiffs were injured as the
result of this accident, and the trial resulted in verdicts in
their favor, the jury awarding Mrs. Jones $2,950 and her
husband $500.

The first ground upon which we are asked to set aside
these verdicts is that the finding of the jury that the acci-
dent was the result of negligence on the part of the driver
of the bus is contrary to the clear weight of the evidence,

the proofs showing that the collision resulted solely from negligence on the part of Martin, who was driving the automobile which collided with the bus. Our examination of the testimony satisfies us that it clearly appeared that the collision was the result to some extent of the negligence of the driver of the auto-bus, and that, consequently, the jury was justified in so finding.

It is next contended that each of the verdicts is excessive. We do not consider them to be so, in view of the character of the injuries inflicted upon the several plaintiffs and their seriousness.

The only other contention is that the court erred in charging the jury on the question of the obligation of a common carrier with relation to its passengers. The statement of the court was that passengers "are entitled to the highest degree of care in the management of such vehicles" (that is, auto-buses), "in order that no person shall be injured or damaged." It is argued that this instruction puts a greater burden upon a common carrier than the law justifies; that the legal rule is that a carrier must exercise a high degree of care, but not the highest degree of care necessary for the protection of passengers against injury. We are not impressed with this contention. The obligation of the carrier is to use a degree of care as high as is necessary for the protection of passengers against injury, and that, in our opinion, is the meaning of the instruction complained of, notwithstanding the ill-advised use of the word "highest."

For the reasons indicated, we conclude that the rule to show cause should be discharged.